UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MICHAEL GRANT, JR., <br><br> Petitioner, <br><br> vs. <br><br> MAGGIE MILLER-STOUT, <br><br> Respondent. | NO. CV-06-343-CI <br><br> ORDER ADOPTING REPORT AND RECOMMENDATION AND DISMISSING ACTION |

BEFORE THE COURT are Petitioner's Objections (Ct. Recs. 13 & 14) to the Report and Recommendation to Dismiss this Action (Ct. Rec. 12). After review of the record, including Petitioner's Objections, and for the reasons set forth below and by the Magistrate Judge, **IT IS ORDERED** the Report and Recommendation is **ADOPTED in its entirety**.

Petitioner objects to the Report and Recommendation, claiming his issue is whether he received fair notice of the conduct prohibited by RCW § 69.50.401(a)(1)(ii). The Magistrate Judge had advised Petitioner that any challenge to the Washington State Supreme Court's interpretation of RCW § 69.50.401(a)(1)(ii) in *State v. Cromwell*, 157 Wn.2d 529 (2006), as applied to Mr. Grant's appeal, would need to be pursued to the United States Supreme Court.

In *State v. Cromwell*, the Washington State Supreme Court determined the prohibition against delivery of methamphetamine in

ORDER ADOPTING REPORT AND RECOMMENDATION AND DISMISSING ACTION -- 1

salts form, as well as base form, was encompassed by former RCW § 69.50.401(a)(1)(ii). 157 Wn.2d at 536-37. Petitioner asserts the Washington Supreme Court used an inappropriate definition of methamphetamine, and read "salts, isomers and salts of isomers" into former RCW § 69.50.401(a)(1)(ii).

Petitioner's assertion that he was not given fair notice of forbidden conduct is not well taken. When a person does an act that he well knows to be a violation of some law, and when a statute is later interpreted to cover his conduct in a way that does not do violence to the ordinary understanding of the English language, the Fourteenth Amendment is not offended. *See Knutson v. Brewer*, 619 F.2d 747, 750 (8th Cir. 1980). Petitioner was not pursuing purely innocent behavior when he admittedly delivered methamphetamine hydrochloride. Where a State Supreme Court does not interpret a statute to encompass what had heretofore been "innocent" conduct, there is no constitutional violation. *Id.*

Furthermore, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254. The Federal District Court cannot revisit the Washington Supreme Court's construction of state law. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). Petitioner's claim is founded on his belief that the Washington State Supreme Court has misconstrued the criminal statute at issue in his case. This Court, however, is precluded from second-guessing State Court construction of a state criminal statute on federal habeas review. *Id.*

Accordingly, **IT IS ORDERED** the Report and Recommendation (Ct.

ORDER ADOPTING REPORT AND RECOMMENDATION AND DISMISSING ACTION -- 2

Rec. 12) is **ADOPTED in its entirety** and this action is **DISMISSED WITHOUT PREJUDICE** to Petitioner seeking an appropriate remedy through the Washington State Supreme Court, and by petition for *writ of certiorari* to the U.S. Supreme Court.

**IT IS SO ORDERED**. The District Court Executive is directed to enter this Order, enter judgment, forward a copy to Petitioner at his last known address and close the file.

**DATED** this 14th day of March 2007.

> *s/ Robert H. Whaley*
> ROBERT H. WHALEY
> CHIEF UNITED STATES DISTRICT JUDGE

Q:\CIVIL\2006\6cv343ci-3-8-dishc.wpd

ORDER ADOPTING REPORT AND RECOMMENDATION AND DISMISSING ACTION -- 3